VICTORY, J.,
dissenting.
11 While I agree with the majority’s finding that a binding arbitration clause between and attorney and client is enforceable, I dissent from the holding that the arbitration clause in this case is unenforceable because the attorney did not adequately disclose the full scope of the arbitration clause and the potential consequences of agreeing to binding arbitration.
The fee agreement, negotiated extensively between attorney and client, contained the following arbitration clause:
Any dispute, disagreement or controversy of any kind concerning this agreement, the services provided hereunder, or any other dispute of any nature or kind that may arise among us, shall be submitted to arbitration, in New Orleans, Louisiana. Such arbitration shall be submitted to the American Arbitration Association.
Further, the agreement stated “[bjecause this agreement involves the acquisition of an additional interest in your case, and your interests in this transaction are adverse to ours, you should review this agreement with independent counsel.” The client chose not to retain independent counsel and signed the fee agreement.
There is a strong presumption favoring the enforceability of arbitration clauses, both under federal and Louisiana law. As this Court stated in Aguillard v. Auction Mgmt. Corp., 04-2804 (La.6/29/05), 908 So.2d 1, 18:
... even when the scope of an arbitration clause is fairly debatable or reasonably in doubt, the court should decide the question of construction in favor of arbitration. The weight of this presumption is heavy and arbitration should not be denied unless it can be said with positive assurance that an arbitration clause is not susceptible of an interpretation that could cover the dispute at issue. Therefore, even if some legitimate doubt could be hypothesized, this Court, in conjunction with the Supreme Court, requires resolution of the doubt in favor of arbitration.
The Federal Arbitration Act further establishes that, as a matter of preemptive federal law, any doubts concerning the scope of arbitrable issues should be resolved in *1080 favor of arbitration, whether the issue at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability. Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).
The arbitration clause signed by the parties is plain and simple, covering “any dispute,” which, according to the above rules regarding interpretation and enforceability of arbitration clauses, covers malpractice claims. However, in spite of the clear language of the clause, the attorney’s express advice to the client to “review this agreement with independent counsel,” and the client’s testimony that he knew the agreement contained an arbitration clause and that he was advised to consult with independent counsel before signing it, the majority invalidates the clause finding lack of informed consent. In so doing, the majority expands upon an attorney’s disclosure duty, and, for the first time, specifies a long list of disclosures an attorney must make before an arbitration clause will be enforceable. Of course I recognize the importance of an attorney’s loyalty to his clients and his disclosure duties, but in this case the clause could not be more clear and the attorney advised the client to seek independent counsel before signing the agreement because some of their interests may be adverse. To essentially enact new disclosure rules to apply retroactively in | ttthis case is unfair and unnecessary, because in my view the attorney did all that was required of him under the law.
For the above reasons, I respectfully dissent.